ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

KELSEY C. DAVIDSON (CABN 322323)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6959
    Fax: (415) 436-7027
    kelsey.davidson@usdoj.gov

Attorneys for United States of America

FILED

May 18 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>  v.<br>VO NGUYEN,<br>    Defendant. | CASE NO. CR23-126-WHO<br><br>**MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION FOR DETENTION**<br><br>Date:  May 19, 2023<br>Time:  10:30 a.m.<br>Court:  Hon. Laurel Beeler |

## I. INTRODUCTION

On May 2, 2023, a federal grand jury in the Northern District of California returned a three-count Indictment against the defendant, Vo Nguyen, charging him with one count of assault on a federal employee with a deadly or dangerous weapon in violation of 18 U.S.C. §§ 111(a) and (b), one count of attempted murder of an employee of the United States in violation of 18 U.S.C. § 1114, and one count of using, carrying, and discharging a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c). *See* Dkt. 1. On April 1, 2023, the defendant assaulted and attempted to murder a United States Postal Service ("USPS") employee who was delivering a package to his residence. The defendant is both a danger to the community and a flight risk, and there are no conditions or combination of conditions that can secure the defendant's appearance before the Court or provide for the safety of the community. The government respectfully requests that the Court order the defendant detained pending trial.

## II. FACTUAL BACKGROUND

On April 1, 2023, USPS employee, D.C., was delivering mail in San Francisco. D.C. approached a female (defendant's sister) standing outside a residence to deliver a package. The defendant came out of the house, started to yell at D.C., and aggressively approached him as though he wanted to fight D.C. D.C. backed up and ran a few houses down, and defendant's sister yelled that D.C. was "federal." The defendant initially backed off, but then chased D.C. and acted as though he wanted to fight him. D.C., in fear for his life, pepper sprayed the defendant and escaped to a nearby street.

The defendant returned to the house, went inside for a couple of minutes, then exited the house and appeared to be carrying something. The defendant got into a Toyota Land Cruiser and drove down the street that D.C was on. The defendant rapidly fired approximately seven to eight shots at him. D.C. ran in the opposite direction that the Land Cruiser was driving, and, the defendant fired approximately five more shots at D.C as he ran. D.C. took cover behind a parked SUV in a driveway, while the defendant drove down the street and made a U-turn at the next intersection. The defendant then drove back up the same street, stopped in front of the SUV that D.C. was hiding behind, and fired three shots at D.C. before running out of ammunition. The defendant briefly drove away and then returned again in the Land Cruiser and attempted to fight D.C. D.C. pepper sprayed the defendant again, and SFPD arrived shortly after and placed him under arrest. SFPD obtained a search warrant and found the gun on the passenger seat of the

Land Cruiser along with shell casings. It was later determined that the gun had been stolen in 2011. SFPD also found a loaded magazine in a backpack under the defendant's bed.

### III. LEGAL STANDARD

Under the Bail Reform Act of 1984, the Court must detain a defendant before trial without bail where "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person in the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; the government need not prove that both factors are present. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence, but a finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Id.*

Where there is probable cause that a defendant has violated 18 U.S.C. § 924(c) or an offense listed in section 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed (as here), courts apply a rebuttal presumption against the defendant that no condition or combination of conditions reasonably will assure the defendant's appearance and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A). Under this scheme, the burden of production then shifts to the defendant. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). Although the presumption is rebuttal, it is not a "bursting bubble." *United States v. Jessup*, 757 F.2d 378, 382-383 (1st Cir. 1985) (Breyer, J.), *abrogated on other grounds by United States v. O'Brien*, 895 F.2d 810 (1st Cir. 1990). In other words, the presumption is not so weak that if a defendant introduces evidence, "the presumption 'bursts' and totally disappears, allowing the judge (or jury) to decide the question without reference to the presumption." *Id*. (further stating that such an approach would "render the presumption virtually meaningless" because a defendant can "always provide the magistrate with *some* reason" (emphasis added)). Even if the defendant rebuts the presumption, the presumption is not erased; instead, it remains in the case as an evidentiary finding militating against release that is to be weighted along with other relevant factors. *See United States v. King*, 849 F.2d 485 (11th Cir. 1988); *accord United States v. Ward*, 63 F. Supp. 2d 1203, 1209 (C.D. Cal. 1999) (citing *Jessup*, 757 F.2d at 389).

If the court concludes that the defendant has rebutted the statutory presumption of detention, the

court must consider four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

### IV.  ARGUMENT

The defendant is subject to a presumption in favor of detention, which he cannot overcome. To the contrary, the defendant is extremely dangerous and has an incentive to flee.

#### a. The Defendant Is Subject to a Presumption in Favor of Detention

The defendant is charged with violating two statutes that subject him to a rebuttable presumption in favor of detention—18 U.S.C. § 924(c) and 18 U.S.C. § 1114. *See* 18 U.S.C. § 3142(e)(3)(B) and (e)(3)(C). Section 1114 is an offense listed in 18 U.S.C. § 2332b(g)(5)(B) and carries a maximum penalty of 20 years' imprisonment. *Id.* To overcome this presumption, the defendant bears the burden to prove both that he is not a flight risk and that his release will not endanger the community. He cannot do so.

#### b. The Defendant Is a Danger to the Community

The nature and circumstances of the offense, weight of the evidence, and history of the defendant support finding that the defendant is a danger to the community. First, the nature and circumstances of the offense warrant detention. The defendant fired an entire magazine at a USPS employee who was simply delivering a package. During the initial rounds of shots, the defendant fired approximately twelve to thirteen shots at D.C. As the defendant fired at D.C., D.C. ran the opposite direction ducking behind two parked cars. Both of those cars had bullet holes or strikes on them. Additionally, when D.C. hid behind the parked SUV, a bullet hit the garage door near where he was hiding. This makes it clear that the defendant was firing at D.C. and demonstrates the seriousness of the offense and the defendant's intent to shoot D.C.

Second, the weight of the evidence supports detention. There are several videos showing the

defendant getting into the Land Cruiser, firing at D.C., and then getting out of the Land Cruiser. No one else was in the car. Moreover, the gun and shell casings were found in the same Land Cruiser that the defendant got out of and was standing next to when SFPD arrived. Additionally, several witnesses saw the defendant shoot at D.C.

Third, the defendant's history demonstrates his dangerousness and weighs in favor of detention. The defendant has numerous past arrests and convictions for violent crimes and narcotics offenses. The defendant's two most recent convictions were for battery, and he has a prior firearms offense. There is also a criminal protective order in place against the defendant which prohibited him from possessing a firearm and makes him even more dangerous.

These factors all support a finding that the defendant is a danger to the community, and no conditions can assure the safety of the community.

### c. The Defendant Poses a Flight Risk

The defendant is also a flight risk. The defendant was on probation in the past and was arrested at least once for a probation violation in 2007. *United States v. Atikilty*, No. CR1300256PJHKAW, 2013 WL 3369315, at *2 (N.D. Cal. July 5, 2013) (finding that a history of probation and parole violations, some of which resulted in additional jail time, indicate that defendant "is not amenable to community supervision"). Additionally, in 2008, the defendant was arrested for narcotics offenses and had three separate bench warrants issued throughout the case for failing to appear. *See United States v. Elmore,* No. 13-CR-00764-WHO-1, 2016 WL 6427911 (N.D. Cal. Oct. 31, 2016), *aff'd,* No. 16-10469, 2016 WL 10520758 (9th Cir. Dec. 12, 2016) (factoring in prior bench warrant arrest in denying motion for pretrial release). Finally, the defendant is a citizen of Vietnam and therefore has ties to a foreign country. All of these facts support finding that the defendant is a flight risk.

## V.  CONCLUSION

There are no set of conditions that will reasonably assure the appearance of the defendant at court proceedings or ensure the safety of the community. The Court should grant the government's motion to detain the defendant pending trial.

//

//

| | |
|---|---|
| DATED: May 18, 2023 | Respectfully submitted,<br><br>ISMAIL J. RAMSEY<br>United States Attorney<br><br>*/s/ Kelsey C. Davidson*<br>KELSEY C. DAVIDSON<br>Assistant United States Attorney |